IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-192 |
| MICHAEL MANNING, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Grizzle, an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights lawsuit against Michael Manning and De'Aundria Davis. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed a Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies (doc. #18). Plaintiff has filed a response (doc. #20). The Motion is therefore ripe for consideration.

The Motion for Summary Judgment

Plaintiff alleges Defendants used excessive force against him and interfered with his medical treatment on July 28, 2019. He also alleges that on July 29 he received notice that they had written a disciplinary case against him. Plaintiff asserts the disciplinary case was written in retaliation for grievances he filed. The Motion for Summary Judgment is limited to the claim of retaliation.

Defendants acknowledge Plaintiff wrote Step 1 and Step 2 grievances concerning the claims of excessive use of force and deliberate indifference to serious medical needs. However, they assert he did not file a grievance concerning his retaliation claim. Attached as Exhibit A to the Motion for Summary Judgment are copies of the grievances Plaintiff from June 1, 2019, through April 1, 2020, accompanied by a business records affidavit.

Plaintiff's Response to the Motion

In his Response to the Motion, Plaintiff acknowledges that the records submitted by Defendants do not include grievances relating to his claim of retaliation. He states the grievances he filed concerning this claim are not included in the records because they were returned to him unprocessed. Plaintiff asserts he filed a Step 1 grievance concerning several claims, but that it was returned to him because he had raised too many issues in one grievance. He states he subsequently filed a Step 1 grievance limited to allegations regarding retaliation, but it was returned to him as redundant. In addition, plaintiff states he filed a Step 2 grievance regarding the retaliation claim.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Analysis

*Exhaustion of Administrative Remedies*

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before a federal lawsuit is filed. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The statutory exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. In addition, prisoners are required to exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). However, inmates must only exhaust available remedies. *Ross v. Blake*, 578 U.S. 632, 642-44 (2016).

In addition, the Supreme Court has held "that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by [statute], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required [by statute] to

3

properly exhaust." *Jones v. Brock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citations omitted). The exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*, at 90-91. Accordingly, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

TDCJ-CID has a two-step grievance procedure which is available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). A Step 1 grievance must be filed within 15 days of the incident (doc. 18-1, p. 12). A Step 2 grievance must be filed within 15 days of the date on which the Step 1 grievance was returned to the inmate. *Id.* Inmates are instructed to present only one issue per grievance. *Id.* The prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

*Application*

The events complained of in this lawsuit occurred on July 28 and July 29, 2019. In his verified Complaint, Plaintiff states that on August 1, he filed a Step 1 grievance regarding his claims against Defendants, including his claim of retaliation (doc. #1, p. 26). On August 27, he filed a Step 2 grievance concerning his claims (doc. #1, p. 35). In his Response to the Motion for Summary Judgment, which is also verified, Plaintiff states his Step 1 grievance was returned to him unprocessed because it raised more than one issue (doc. #20, p. 2). He also states that when he rewrote the grievance so that it raised fewer issues, the grievance was rejected as redundant (doc. #20, p. 3).

As stated above, Plaintiff was only required to exhaust available administrative remedies. Plaintiff states he filed Step 1 grievances and a Step 2 grievance regarding his retaliation claim. There is no indication in the record that any of these grievances were untimely.

Plaintiff's first Step 1 grievance was returned to him because it raised more than one issue, in violation of prison rules. He states his second grievance was returned to him as redundant. It is difficult to understand how the second Step 1 grievance could have been redundant unless a prior Step 1 grievance had been considered on the merits. In light of the way his two Step 1 grievances were treated, it is unclear whether Plaintiff had any administrative remedies available to him.

Plaintiff's statements regarding his grievances are relatively specific and state facts. The statements do not merely rely on inferences without setting forth the facts that support the inferences. As such, they are sufficient to create a genuine dispute of material fact as to whether Plaintiff exhausted his available administrative remedies. *Favela v. Collier*, 91 F.4th 1210, 1213-14 (5th Cir. 2024). The Motion for Summary Judgment should therefore be denied.

## Recommendation

The Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies filed by Defendants should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 28th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE